**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ARMANDO MARTINEZ-VERA,
　　　　　　*Defendant-Appellant.*

No. 02-4476

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-419)

Submitted: January 28, 2003

Decided: February 21, 2003

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TAL-COTT, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Armando Martinez-Vera pled guilty to two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (2000), and was convicted after a jury trial of one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). He appeals his conviction under § 924(c) and his sentence.

Martinez-Vera first contends the district court erred in denying his motions for judgment of acquittal under Fed. R. Crim. P. 29 because the evidence was insufficient to demonstrate that his possession of the firearms found in his residence was "in furtherance of" a drug trafficking crime. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

To establish illegal possession of a firearm in violation of § 924(c), the government must prove that the defendant knowingly possessed a firearm in furtherance of a crime of violence or drug trafficking crime. Martinez-Vera does not contest that he possessed the firearms in question. We have construed the "in furtherance of" provision of § 924(c) to require "the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, __ U.S. __, 122 S. Ct. 555 (2002). Our review of the record convinces us that the jury heard sufficient evidence to find Martinez-Vera guilty of this offense.

Martinez-Vera also argues that the district court erred in denying an adjustment in his offense level for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.* The district court's determination as to the defendant's acceptance of responsibility is a factual question reviewed for clear error. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). Martinez-Vera asserts that he fully cooperated with the Government during the investigation of his crimes, pled guilty to the drug crimes, and only contested the legal issue of whether his firearms possession was prohibited under § 924(c). The district court concluded that Martinez-Vera contested a factual issue and denied the adjustment. Although the adjustment for acceptance of responsibility may be awarded to a defendant who pleads not guilty and elects a contested trial in some circumstances, we conclude that this case is not one of the "rare situations" in which acceptance of responsibility is clearly demonstrated. *See* USSG § 3E1.1, comment. (n.2). The district court correctly denied the adjustment.

We accordingly affirm Martinez-Vera's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*\*U.S. Sentencing Guidelines Manual* (2001).